# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

GARLIN CHEATHAM, JR., et al.,

    Plaintiffs,

vs.                                    CASE NO. CV-14-J-397-NE

CITY OF HARTSELLE, et al.,

    Defendants.

## MEMORANDUM OPINION

This case comes before the court on the parties' cross-motions for summary judgment, supporting briefs, evidence and responses to the cross-motions (docs. 24-28 and 34), and a hearing on February 27, 2015, at which all parties were present by and through their respective counsel of record. Plaintiff Garlin Cheatham was also present in person. The court has considered the motions, evidence and arguments of the parties in support of their respective positions.

### I.  FACTUAL BACKGROUND

The facts of this case are not in dispute. The plaintiffs, Garlin and Sally Cheatham, purchased a piece of property in 2012.[1]  G. Cheatham depo. at 52. The property is located outside of the city limits of defendant City of Hartselle, Alabama

---

[1] The deed evidencing this purchase is dated September 10, 2012, but was not recorded until January 24, 2013.  Doc. 26, Exhibit G.

("Hartselle"), but within the planning jurisdiction of the Hartselle City Planning Commission.[2]  G. Cheatham depo. at 50; Griffith[3] depo. at 10, 31.  No zoning law applies to the plaintiffs' parcel of land.

The property is located at the corner of Kyle Road and Walls Lane.  G. Cheatham depo. at 87. *See also* doc. 26, Exhibits E and F.  The opposite side of Kyle Road from the plaintiffs' property is within Hartselle's city limits.  Griffith depo. at 33.  The corner of the property bounded by those two roads contains a house, which the plaintiffs rented to tenants.  S. Cheatham depo. at 20.

On the rest of the property, the plaintiffs began development of an RV park, which is accessed from Walls Lane.  G. Cheatham depo. at 53-54, 64; S. Cheatham depo. at 29-30.  From May to August 2013, Mr. Cheatham created roads within the property, put in sewer and water lines, ran electricity and put in parking places for the RVs.  G. Cheatham depo. at 54-55.  The parties do not dispute that neither the City

---

[2]The authority for this is found in the Alabama Code, which states:

Except as otherwise provided herein, the territorial jurisdiction of any municipal planning commission shall include all land located in the municipality and all land lying within five miles of the corporate limits of the municipality and not located in any other municipality....

Ala.Code 1975 § 11-52-30(a).

[3]Jeremy Griffith is the City Planner for the City of Hartselle, Alabama.  Griffith affidavit, ¶ 2.

of Hartselle nor Morgan County have authority to regulate the development of the RV Park.

The plaintiffs submitted a request to subdivide the property to the Hartselle Planning Commission in July 2013.  G. Cheatham depo. 57-58; *see also* doc. 27-1, Exhibit A.  They wanted to separate the rental house from the rest of the property, in order to sell the house to their then tenant.  G. Cheatham depo. at 47, Griffith depo. at 16, 27.  Although that sale is no longer viable, plaintiffs represented in open court during the hearing that they still seek to subdivide the property to sell the parcel containing the house.

The Hartselle Planning Commission considers all subdivision applications within Hartselle's planning jurisdiction.  Griffith affidavit, ¶ 2.  That jurisdiction includes everything within Hartselle's city limits, plus an additional 1.5 mile radius surrounding the city within Morgan County.[4]  *Id*.  A subdivision request for land

---

[4]Ala.Code 1975 § 11-52-30 (b) allows that

A municipal planning commission, by properly adopted regulation, may provide that the territorial jurisdiction of the municipal planning commission shall include all land lying within a radius less than the five miles permitted by this section. The regulation shall establish the territory within which the municipal planning commission will exercise jurisdiction to a boundary line equidistant from the corporate limits of the municipality....

within the planning jurisdiction, but not the city limits, requires approval of the Planning Commission and the Morgan County Engineer.[5] *Id.*, ¶¶ 2, 4.

Morgan County, Alabama, also has subdivision regulations, which require a proposed subdivision to provide a 60 foot right-of-way for minor roads, which equals a distance of 30 feet from the center line of the road to the property in question.[6] Griffith affidavit, ¶ 5. The Planning Commission will not approve a subdivision request until the application includes the required right-of-way dedication. *Id.*, ¶ 6.

---

[5]The parties agree that should the Hartselle Planning Commission authorize the subdivision, the Morgan County Engineer would still have to authorize the same before the division could be recorded by the Morgan County Probate Judge. *See* Ala.Code 1975 § 11-52-30 (c)(1), set forth *infra*, at n. 6.

[6]Pursuant to Ala.Code 1975 § 11-52-30 (c)(1), "[i]f a county commission has adopted subdivision regulations .... those subdivision regulations shall apply to the development of subdivisions within the territorial jurisdiction of a municipal planning commission outside the corporate limits of a municipality and shall be regulated and enforced by the county commission in the same manner and to the same extent as other subdivision development governed by the county's subdivision regulations...." That same section continues that

> If the municipal planning commission is responsible for the regulation and enforcement of a subdivision development within the territorial jurisdiction of the municipal planning commission outside the corporate limits of the municipality, no map or plat of any subdivision shall be recorded, and no property shall be sold referenced to the map or plat, until and unless it has been first submitted to and approved by the municipal planning commission, pursuant to Section 11-52-32 and its adopted procedures, and then certified by the county engineer or his or her designee as follows within 30 days of being submitted to the county engineer:
>
> "The undersigned, as County Engineer of the County of _____ of Alabama, hereby certifies on this _____ day of _____, 20___, that the _____ Planning Commission approved the within plat for the recording of same in the Probate Office of _____ County, Alabama."

Ala.Code 1975 § 11-52-30(g).

The plaintiffs' request was denied August 6, 2013 because the right-of-way dedication on Walls Lane was only 30 feet, although the county required 60 feet. G. Cheatham depo. at 67-68. Thus, from the center line of Walls Lane, plaintiffs were required to dedicate an additional 15 foot right-of-way, without receiving any compensation therefor, under the Morgan County requirements, to facilitate future widening of the road. Griffith affidavit, ¶¶ 9-10. According to Jeremy Griffith, the technical review committee of the Planning Commission was concerned about the width of Walls Lane right-of-way for RV traffic and the increase in traffic an RV park would bring. Griffith depo. at 18, 20; Griffith affidavit, ¶ 10. Also according to Griffith, the County Engineer had received resident complaints with regard to the road width of Walls Lane being inadequate to support an RV park. Griffith depo. at 35-36. However, the court has no evidence of any such complaints before it.

The plaintiffs declined to provide the additional 15 foot right of way along the length of Walls Lane because they believed having to do so would be a "taking" under the Alabama Constitution and they were not offered any payment. G. Cheatham depo. at 75; doc. 27-1 at 7-10. The first RV appeared on the property in November 2013. G. Cheatham depo. at 51, 58.

Based on the above facts, the plaintiffs filed this action pursuant to 42 U.S.C § 1983, claiming damages against Harselle for violation of their civil rights, and

seeking declaratory and injunctive relief.  Amended Complaint, ¶ 1.  Specifically, plaintiffs assert that the demand for an additional 15 foot right-of-way before the subdivision is approved constitutes inverse condemnation in violation of the 5th Amendment to the United States Constitution.  Amended Complaint, ¶ 10.

## II.  STANDARD FOR EVALUATING SUMMARY JUDGMENT

A moving party is entitled to summary judgment if there is no genuine issue of material fact, leaving final judgment to be decided as a matter of law. *See* Federal Rule of Civil Procedure 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1355-56 (1986).  An issue is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case.  It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party.  *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir.1997).

The facts, and any reasonable inferences therefrom, are to be viewed in the light most favorable to the non-moving party, with any doubt resolved in the nonmovant's favor. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 1609 (1970).  Once met by the moving party, however, the burden shifts to the non-moving party to come forward with evidence to establish each element essential to that party's case sufficient to sustain a jury verdict. *See Celotex Corp. v. Catrett*,

477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir.1990).

A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir.1990). In addition, the non-moving party's evidence on rebuttal must be significantly probative and not based on mere assertion or be merely colorable. *See* Rule 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2511 (1986). Speculation does not create a genuine issue of fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir.2005).

The court must consider the evidence in the light most favorable to the plaintiff and may not make credibility determinations nor weigh the parties' evidence. *Frederick v. Sprint/United Management Co.* 246 F.3d 1305, 1311 (11th Cir.2001); *Stewart v. Booker T. Washington Insurance.*, 232 F.3d 844, 848 (11th Cir.2000).

### III. LEGAL ANALYSIS

As stated above, the facts of this case are not in dispute. The parties also agree that this action is governed by *Nollan v. California Coast Commission*, 483 U.S. 825 (1987); *Dolan v. City of Tigard*, 512, U.S. 374 (1994), *Koontz v. St. Johns River Management District*, 568 U.S. — , 133 S.Ct. 2586 (2013), and § 11-52-30, *et. seq.*,

Alabama Code 1975, as amended. The only real dispute, then, is whether the required right-of-way dedication "substantially advance[s] legitimate state interests" and does not "den[y] an owner economically viable use of his land." *Nollan*, 483 U.S. at 834. *See also Penn Central Transportation Co. v. New York City*, 438 U.S. 104, 127, 98 S.Ct. 2646, 2660, 57 L.Ed.2d 631 (1978) ("[A] use restriction may constitute a 'taking' if not reasonably necessary to the effectuation of a substantial government purpose"). Unless the demand for the dedication meets the exacting standards set forth in the foregoing cases, the demanded dedication is a taking of private property for public use, requiring just compensation to the property owners.

    Not surprisingly, defendant argues that the required right-of-way dedication substantially advances a legitimate state interest, while the plaintiffs argue that it does not. Defendant's memorandum (doc. 25) at 9-10, plaintiffs' memorandum (doc. 27) at 7. The parties agree that had plaintiffs not sought to separate the rental house parcel from the RV park parcel, the defendant would have no basis for demanding the additional 15 foot right-of-way dedication. Plaintiffs' memorandum, at 6-7. However, plaintiffs did seek to do so. Citing *Dolan v. City of Tigard*, the plaintiffs assert that no "rough proportionality" between the requested subdivision certificate and the reasons for denial of the certificate exist. Plaintiffs' memorandum, at 7.

    In *Dolan*, the Court noted:

> Without question, had the city simply required petitioner to dedicate a strip of land along Fanno Creek for public use, rather than conditioning the grant of her permit to redevelop her property on such a dedication, a taking would have occurred. *Nollan, supra*, 483 U.S., at 831, 107 S.Ct., at 3145. Such public access would deprive petitioner of the right to exclude others, "one of the most essential sticks in the bundle of rights that are commonly characterized as property." *Kaiser Aetna v. United States*, 444 U.S. 164, 176, 100 S.Ct. 383, 391, 62 L.Ed.2d 332 (1979).
>
> On the other side of the ledger, the authority of state and local governments to engage in land use planning has been sustained against constitutional challenge as long ago as our decision in *Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926). "Government hardly could go on if to some extent values incident to property could not be diminished without paying for every such change in the general law." *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 413, 43 S.Ct. 158, 159, 67 L.Ed. 322 (1922). A land use regulation does not effect a taking if it "substantially advance[s] legitimate state interests" and does not "den[y] an owner economically viable use of his land." *Agins v. City of Tiburon*, 447 U.S. 255, 260, 100 S.Ct. 2138, 2141, 65 L.Ed.2d 106 (1980).

*Dolan*, 512 at 384-385 (footnote omitted).

The Court in *Dolan* then crafted the following test to determine whether a requirement is an unjust taking in violation of the 5th Amendment:

> In evaluating petitioner's claim, we must first determine whether the "essential nexus" exists between the "legitimate state interest" and the permit condition exacted by the city. *Nollan*, 483 U.S., at 837, 107 S.Ct., at 3148. If we find that a nexus exists, we must then decide the required degree of connection between the exactions and the projected impact of the proposed development.

*Dolan,* 512 U.S. at 386. After examining the various state court tests for that required "degree of connection," the Supreme Court held

> We think a term such as "rough proportionality" best encapsulates what we hold to be the requirement of the Fifth Amendment. No precise mathematical calculation is required, but the city must make some sort of individualized determination that the required dedication is related both in nature and extent to the impact of the proposed development.

*Dolan*, 512 U.S. at 391. *See also Koontz v. St. Johns River Water Management Dist.*, 133 S.Ct. 2586, 2591 (2013) ("a unit of government may not condition the approval of a land-use permit on the owner's relinquishment of a portion of his property unless there is a 'nexus' and 'rough proportionality' between the government's demand and the effects of the proposed land use.").

Applying the foregoing standards to the facts here, the court finds that an "essential nexus" between the "legitimate state interest" of having the ability to widen Walls Lane and requiring the 15 foot dedication does exist, as required by *Nollan,* 483 U.S., at 837 and *Dolan,* 512 U.S., at 386. Defendant City of Hartselle identified a legitimate state interest in the regulations in question, namely the safe and efficient flow of traffic on all roads within its planning jurisdiction. *See e.g., Koontz*, 133 S.Ct. at 2595 (finding as an example of reasonableness, "[w]here a building proposal would substantially increase traffic congestion, for example, officials might condition

permit approval on the owner's agreement to deed over the land needed to widen a public road").

The court, therefore, must next consider "the required degree of connection between the exactions" –the requirement of a 15 foot right of way– "and the projected impact of the proposed development," –the dividing off of the rental house. *Dolan*, 512, U.S. at 386. The defendant must make "some sort of individualized determination that the required dedication is related both in nature and extent to the impact of the proposed development." *Id*., at 391. The defendant's demand for the 15 foot dedication must have a nexus to that subdivision and rough proportionality to the effects of that division. *Koontz*, 133 S.Ct. at 2591. The "proposed development" the court must consider is the subdivision of the land, and not the RV park. Yet, the defendant relies wholly on the impact of the RV park and not on the impact of the actual subdividing of the parcel, although the parties do not dispute that the defendant has no authority to regulate the RV park, nor place any conditions on the development of the same. The sole consideration for the defendant's approval is the division of the land. Therefore, the court looks only to the impact of dividing one parcel into two, for the purpose of selling one of those parcels, for the degree of connection the law requires.

Under the "rough proportionality" test, the defendant fails to meet its burden. Dividing out the parcel with the house for sale, as opposed to leasing the same to a tenant, has no bearing on the amount or type of traffic on Walls Lane. The defendant, exercising the power given by Ala.Code § 11-52-30, *et seq.*, seeks to use the subdivision as an excuse to obtain that which would otherwise be unattainable, the 15 foot dedication. Had the plaintiffs not sought to sell the rental house, the City of Hartselle would have no basis to demand a 15 foot dedication on Walls Lane. Yet nothing in the City of Hartselle's reasoning to justify its demand relates to the subdivision of the property. Rather it is all based on the RV park, which the plaintiffs can operate whether or not they subdivide their parcel.

In *Smith v. City of Mobile*, 374 So.2d 305, 307 (Ala.1979), construing § 11–52–30 *et seq.*, the Alabama Supreme Court stated:

> "Since the Planning Commission's power to regulate subdivisions is derived from the statute, it follows that it cannot use that power to further goals not designated by that statute. As the Court of Appeals of Maryland stated in a case similar to this one, '... Municipal agencies can exercise only so much of the police power as may be expressly granted or necessarily implied.... The power delegated to the Commission to formulate and publish rules and regulations is not a blank check; it cannot make ad hoc decisions which deny to a citizen the right to use his land lawfully.' *Baltimore Planning Com'n v. Victor Development Co.*, 261 Md. 387, 275 A.2d 478, 481 (1971). Statutes or ordinances which impose restrictions on the use of private property are strictly construed and their scope cannot be extended to include limitations not therein included or prescribed. E.C. Yokley, *The Law of Subdivisions*, § 53 (1963 and Supp.1979), citing *Knutson v. State*, 239 Ind. 656, 157 N.E.2d

469 (1959), affirmed on rehearing, 239 Ind. 656, 160 N.E.2d 200 (1959).  See also *Boxell v. Planning Com'n of City of Maumee*, 10 Ohio App.2d 25, 225 N.E.2d 610 (1967).

Because they impose restrictions on the use of his private property, the Court must strictly construe the defendant's exercise of power pursuant to the relevant statutes.  The defendant cannot use its subdivision authority to achieve goals not contemplated by the statute.  Because the entire purpose of Article 2, Chapter 52, of Title 11 is the "Control of Subdivisions" its terms should not be loosely applied to regulate the dividing of one parcel from another when that division does not fall within the normal usage of the term "subdivision."  *See Koken v. Smith*, 551 So.2d 275, 278 (Hornsby, C.J., concurring).

Defendant argues that, even if it wrongly withheld approval of the subdivision, the City of Hartselle is not the cause of plaintiffs' injuries.  Defendant's brief (doc. 25), at 20.  The defendant points to the County Engineer's statement that "he could not certify any approval of the subdivision application unless the Cheathams amended the application to include the required right of way."[7]  Griffith affidavit, ¶ 9. However, the strict construction required in the application of Ala.Code § 11-52-30

---

[7]The court has before it no admissible evidence concerning the County Engineer's position.  Rather, defendant submitted the affidavit of Jeremy Griffith which contains numerous hearsay statements as to the county's position, then relied on those statements in support of its arguments.

*et seq.*, at a minimum demands that the Planning Commission actually follow the procedures of that statute.  In relevant part, it requires

> If the municipal planning commission is responsible for the regulation and enforcement of a subdivision development within the territorial jurisdiction of the municipal planning commission outside the corporate limits of the municipality, no map or plat of any subdivision shall be recorded, and no property shall be sold referenced to the map or plat, until and unless ***it has been first submitted to and approved by the municipal planning commission***, pursuant to Section 11-52-32 and its adopted procedures, ***and then certified by the county engineer or his or her designee*** as follows within 30 days of being submitted to the county engineer...

Ala.Code 1975 § 11-52-30 (g) (emphasis added).  Strictly construing this statute, the court is of the opinion that the defendant cannot take refuge in the argument that even if it approved the plaintiffs' request, the County would have denied it.  Nothing in § 11-52-30(g) authorizes the City of Hartselle to hide behind the County's consideration of the request.

## CONCLUSION

Having considered the foregoing, the court finds no genuine issues of material fact exist, and that the plaintiffs are entitled to judgment in their favor as a matter of law.  By separate Order, the court shall **GRANT** the plaintiffs' motion for summary judgement and **DENY** the defendant's motion for summary judgment, for the reasons set forth herein.  In accordance with the relief requested in the plaintiffs' amended

complaint, the court shall further Order that the defendant is **ENJOINED** from denying the plaintiffs' request to subdivide their land based on unlawful considerations and further **ENJOINED** from requiring the dedication of the 15 foot right of way without fairly compensating the plaintiffs for the same. However, as the plaintiffs failed to provide any evidence that, but for the defendant City's unlawful refusal to approve the subdivision request, the sale of the parcel in question would have been consummated, the court allows no award of damages to the plaintiffs.

**DONE** and **ORDERED** this the 3rd day of March, 2015.

*/s/ Inge Prytz Johnson*

INGE PRYTZ JOHNSON
SENIOR U.S. DISTRICT JUDGE